Benjamin A. Faulkner
# 90411-083
USP - Terre Haute
P.O. Box 33
Terre Haute, IN  47808

March 8, 2022

Clerk of the Court
U.S. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219-3525

RE: 3:17-CR-00045 Request for Permission to Proceed

Dear Clerk of the Court,

    I hope that this letter finds you well and in good health. Please find enclosed a copy of a Request To Proceed Upon Second §2255 Motion that I would like added to the docket.

    I would also like you to also respond with a receipt of submission and the docket number of the filing, for my records. I thank you in advance for your time and efforts, and I look forward to your reply.

Respectfully Submitted,

Benjamin A. Faulkner

RECEIVED 2022 MAR 15 PM 2:15 COURT OF APPEALS FOURTH CIRCUIT

APPEAL REQUEST NUMBER [　　　　　　　　]

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE: BENJAMIN A. FAULKNER

REQUEST FOR PERMISSION TO PROCEED
UPON SECOND 28 U.S.C. §§ 2255

Appeal From The United States District Court
For The Eastern District Of Virginia

3:17-CR-00045

Submitted By;

Benjamin A. Faulkner ... Fed. No. 90411-083 ...
P.O. Box 33 ... United States Penitentiary ....
Terre Haute, Indiana ... 47808-0033 ..........

Request For Second 2255                                              Page 2.

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

BENJAMIN A. FAULKNER,            )
    Petitioner/Defendant,       )
                                 )
vs.                              ) Case No. [           ]
                                 ) D.C. 3:17-CR-00045 (E.D. Va.)
UNITED STATES OF AMERICA,        )
    Respondent/Plaintiff.       )
                                 )

REQUEST FOR PERMISSION TO PROCEED UPON GATEWAY OF A
SECOND 28 U.S.C. §§ 2255, TEAGUE EXCEPTION
ALLOWING A RETROACTIVE APPLICATION OF A SUPREME COURT PRECEDENT

―――――――――――――――――――――――――――――――

COMES NOW, Benjamin A. Faulkner, a Federal Prison, In Re Pro Se, moves this Court for consideration of the 'Gateway Passage' to return to the United States District Court for the Eastern District of Virginia, due to a 'Teague Rule' exception, of a retroactive application of a Supreme Court ruling, of <u>Rosales-Mireles v. United States</u>, 585 U.S. ___ ; 201 L.Ed.2d 376, 386-387 (2018), as follows;

### I. JURISDICTION

The availability of relief under 28 U.S.C. §§ 2255 through the Second and Successive portal, by a three panel of Justices,

Request For Second 2255                                          Page 3.

of the Court of Appeals of this Fourth Circuit occurs when the Court certifies that the 'Request to Proceed' certifies that the 'Motion' relies on either : 1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish that a reasonable fact finder would have found the movant 'guilty of the offense'. -See- 28 U.S.C. § 2255(h); or 2) a new rule of Constitutional law, made retroactive on collateral review by the Supreme Court of the United States, that was previously unavailable on direct review. -See- <u>Dodds v. United States</u>, 545 U.S. 353 (2005); and see <u>United States v. Thomas</u>, 627 F.3d 534, 536 (4th Cir. 2010).

The Supreme Court has instructed that a new rule of Constitutional Law is not retroactively applicable to Second and Successive Habeas Petitions, unless the Supreme Court explicitly holds that the rule is retroactive. -See- <u>Tyler v. Cain</u>, 533 U.S. 656 (2001); and <u>Johnson v. Ponton</u>, 780 F.3d 219, 223 (4th Cir. 2015). And Habeas relief is generally not available if granting the relief would require retroactive application of a "new Constitutional rule of Criminal Procedure", or the application of a rule that would break new ground or impose a new obligation on the State or Federal Government. -See- <u>Teague v. Lane</u>, 489 U.S. 288, 301-10 (1989). ("A new rule is one that

Request For Second 2255                                Page 4.

'was not' dictated by precedent existing at the time the Defendant's conviction became final"). if at 301.

However, there are two exceptions to the prohibition against applying new rules on Habeas Review. A new rule may not be applied retroactively on habeas review of convictions that became final before the rule was announced. -See- Teague (supra) 489 at 310 (2989), unless the rule is "substantive". -See- United States v. Wheeler, 886 F.3d 415, 427 (4th Cir. 2018).

Courts are required to, and must address, arguments based on the Teague non-retroactivity doctrine even if requirements of 2245(d)(1) are met.

And the factual basis for the claim, 'new claim', "could not have been discovered previously through the exercise of due dilligence". And facts underlying the claim, if proven and viewed in light of the evidence as a whole, show clear and convincing evidence that, but for the Constitutional error, no reasonable fact finder would have sentenced Petitioner in that manner. -See- McCleskey v. Zant, 499 U.S. 494, 495 (1991).

A. "Substantive" Change in Case (Exception)

The Supreme Court, in Rosales-Mireles v. United States, 585 U.S. ____; 201 L.Ed.2d 376 (2018), has determined the decision in "not remanding for resentencing due to miscalculation of Federal Sentencing Guidelines Range as error was plain and effected Substantial Rights".

The Supreme Court, in addressing what was mistakenly left out of the previously decided Supreme Court case, in Molina-Martinez v. United States, 578 U.S. ____; 194 L.Ed.2d 444 (2016), that in using the Sentencing Guidelines, the District Court must correctly determine the Guidelines Range, both using Correct Guidelines Range and starting points, as well as application of incorrect sentencing guidelines effecting Substantial Rights. Molina, 194 L.Ed.2d at 454 (2016).

And that error in not returning further effected the Substantial Rights of the party. Returning by the Court of Appeals for Re-sentencing, when dealing with incorrect calculations, including incorrect starting points.

For the following, the request is made as both of the Supreme Court's decisions specifically dealt with Substantial Rights.

## II. PROCEDURAL HISTORY

Petitioner is Benjamin A. Faulkner, who was charged via information with Aggrivated Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2241(c). Faulkner pled guilty in a plea agreement to the above Information, during a hearing in the United States District Court for the Eastern District of Virginia. -See- United States v. Faulkner, 3:17-cr-45 (E.D. Va.), and DK# 48 (Plea). Faulkner was ultimately sentenced to life.

A Notice of Appeal in the Court of Appeals for the Fourth Circuit was timely filed and heard on the 13th date of April, 2018, and was denied pursuant to Anders v. California, 386 U.S. 738; 87 S.Ct. 1396; 18 L.Ed.2d 493 (1967). -See- United States v. Faulkner, 731 Fed. Appx. 177 (4th Cir. 2018). A Subsequent Writ of Certiorari was not attempted.

Faulkner filed a first Motion under 28 U.S.C. § 2255 on the 2 day of October, 2018. The grounds raised were (Grounds 1-3) Ineffective Assistance of Council, (Ground 4) Invalid Plea, and (Ground 5) Unreasonable Sentence. -See- United States v. Faulkner, 2019 US Dist. LEXIS 63660 (E.D. Va. 2019). The motion was denied on April 12, 2019, and no COA was issued.

On the 2 of July, 2021, Faulkner filed a request to file a Second and Successive § 2255 in the Fourth Circuit Court of Appeals and was denied on procedural grounds. -See- <u>United States v. Faulkner</u>, 3:17-cr-45 (E.D. Va.), DK# ___.

### III. FACTS OF THE ISSUE

In 2013, the Supreme Court appeared with <u>Alleyne v. United States</u>, 570 U.S. 99, 186 L.Ed.2d 314 (2013), but this issue was not made Retroactive for Collateral review.

However, in 2017, the Supreme Court appeared with <u>Molina-Martinez v. United States</u>, 578 U.S. ___; 136 S.Ct. 1338; 194 L.Ed.2d 444 (2016), which clearly stated that the issue dealt with "Substantial Rights". -See- <u>Molina</u> (supra) 194 L.Ed.2d at 454, ("whether the application of an incorrect Guidelines range at sentencing affected the defendant's substantial rights").

Also in 2016, Faulkner was charged via Information with Aggrivated Sexual Abuse of a Minor, in violation of 18 U.S.C. § 2241(c). Faulkner signed a plea agreement on 17 of May, 2017. -See- <u>United States v. Faulkner</u>, 3:17-cr-45 (E.D. Va.)

At the sentencing hearing, the PSR which was prepared by the U.S. Parole Office of the Eastern District of Virginia,

Request For Second 2255                                            Page 8.

found the BASE LEVEL for Faulkner's crime to be level 32, using Section 2G2.1 of the 2015 Sentencing Guidelines Manual, and with no criminal history, Faulkner's history points were at 'I'. Within the aformentioned Guidelines, the range calculated is 121-151 months.

Also on the PSR, the U.S. Parole Office added the 'Age' enhancement of 2G2.1(b)(1)(A) [4 Levels], the 'Contact' enhancement of 2G2.1(b)(2)(A) [2 Levels], the 'Distribution' enhancement of 2G2.1(b)(3) [2 Levels], the 'Computer' enhancement of 2G2.1(b)(6)(B)(ii) [2 Levels], and the 'Repeat' enhancement of 4B1.5(b)(1) [5 Levels].

Without any direction, instructions which lead to a Jury verdict by a Jury, nor the enhancements being plead to, the Sentencing Judge enhanced the sentence 15 Levels, raising the Guidelines range to a mandatory Life sentence.

A timely Appeal was filed in the Court of Appeals for the Fourth Circuit on the 23 of January, 2018. The Plain Error issue was not raised. The Appeal was ultimately denied on 13 of May, 2018, and a subsequent Writ of Certiorari was not attempted. -See- <u>United States v. Faulkner</u>, 731 Fed. Appx. 177 (E. D. Va.)

Request For Second 2255　　　　　　　　　　　　　　　　　　Page 9.

    Faulkner filed his first challenge to his conviction under § 2255 on the 2 of October, 2018. Again, the Plain Error issue was not raised. The § 2255 Motion was denied April 12, 2019. -See- <u>United States v. Faulkner</u>, 2019 U.S. Dist. LEXIS 63660.

    After filing his first § 2255, the Supreme Court decided <u>Rosales-Mirales v. United States</u>, 585 U.S. \_\_\_\_; 138 S.Ct. 1897; 201 L.Ed.2d 376 (2018), which aimed to clarify it's earlier decision in <u>Molina-Martinez</u>, and held that Guidelines "error's [are] plain and effected the 'substantial rights of defendant'".

    Faulkner attempted a Second and Successive § 2255 in the Fourth Circuit Court of Appeals and was denied on procedural grounds. -See- 3:17-cr-45 (E.D. Va.), DK# \_\_\_\_.

## IV. ARGUMENTS FOR THE ISSUE

    Pursuant to the United States Sentencing Guidelines of 2015 (the correct sentencing guidelines of the time that the issue was to have been committed), the issues found within the PSR, specifically 2G2.1(b)(1)(A), 2G2.1(b)(2)(A), 2G2.1(b)(3), 2G2.1(b)(6)(B)(ii), and 4B1.5(b)(1), could only have been found by a Jury, or plead to in a plea agreement, since it raised the

Request For Second 2255                                    Page 10.

sentencing floor and subjected Faulkner to a greater punishment, and is therefore an element. -See- Alleyne (Supra) ("that any fact that exposes a defendant to a greater punishment than authorized by a Jury ... must be proven"). 186 L.Ed.2d at 327. These elements were not found in the Information, presented to a Jury, nor plead to, and thus because the start of the sentencing is the mandatory sentence that must be decided, before the Judge makes his own determination of an increase, this formed a Sixth Amendment violation and a form of Plain Error. -See- Molina-Martinez (supra), and Fed.R.Crim.P. Rule 52(b).

If the Government had wanted to use the enhancements, they could have brought the enhancements to the table during the plea, but they did not and they were not permitted to 'trick' the Defendant into a plea in hopes of sandbagging him in the end, otherwise he would not have plead to the Life sentence. -See- Hurst v. Florida, 193 L.Ed.2d at 510 (2015).

Without the enhancements, the Petitioner would have faced a base level 32, which would have amounted to 121-151 months only. Rather, he received a Life sentence, which the difference in sentence by it's own is a GRAVE error. Again, the Government could have empanneled a sentencing Jury, or caused

Request For Second 2255  Page 11.

the Plea to clearly state the objectives of resolving the issues, but it instead chose to do neither, sneaking in the enhancements that the Court and the Constitution forbid, which is a GRAVE error. That increase in the Congressionally mandated sentencing floor implicates the seperation of power principals and the Due Process Rights, fundamental to our Justice System.

The District Court, as a result of the calculation made by the United States Parole Office on the PSR, accepted the illegal calculation. Petitioner was then sentenced to an incorrect sentence, that enhancements were used that were not first plead to, nor placed before a jury, and found to have been applied.

The five (5) aformentioned enhancements should not have been able to be used in the first place, as the Supreme Court of the United States has made it clear that any enhancements that raise the sentencing floor are facts that need to be placed before a jury who renders a verdict. As previously stated, a Jury could have decided the issue, or the Government could have included the enhancements into the plea, but instead the District Court waited until the sentencing hearing and found facts without the help of a Jury or Plea, and thus violated the Sixth Amendment of the United States Constitution, facts that were

also not placed in the Information. -See- Alleyne (supra) 186 L.Ed.2d at 327 (2013), and in not doing so, created an improper start point for the Guidelines Calculation, in Plain Error. -See- Molina-Martinez (supra) 194 L.Ed.2d at 444 (2017), and Rosales-Mireles (supra) 201 L.Ed.2d 376 (2018). Therefore consistent with the Constitutional principals of the Seperation of power, a Defendant had the Constitutional right to be deprived of liberty as punishment for criminal conduct, only to the extent authorized by Congress. -See- Walen v. United States, 544 U.S. 684, 689-90; 100 S.Ct. 1432; 63 L.Ed.2d 715 (1980).

## V. CONCLUSION

WHEREFORE, for the above and foregoing reasons MOVE this Court for Permission to proceed to the District Court, to the next level of consideration, to re-sentencing, and any other relief that this Court deems Just in this matter, and the Leave to do so.

ENTERED THIS [ 9 ] DATE OF [ March ], 2022.

Submitted By:
Benjamin A. Faulkner
Fed. No. 90411-083
P.O. Box 33
USP Terre Haute
Terre Haute, IN 47808-0033
In Re Pro Se / Federal Prisoner

## VI. CERTIFICATE OF COMPLIANCE

I, Benjamin A. Faulkner, In Re Pro-Se and Federal Prisoner hereby state that the above and foregoing is done not with a computer but with a typewriter (Swintec 2410 CC), that was within the page limit of the 'Successive 2255 Rules' of the Federal Rules of Civil Procedure and the Fourth Circuit Court of Appeals. Although the Word Count is not known, it is limited to the 15 page limit and is believed in compliance.

Respectfully Submitted;
Benjamin A. Faulkner
Fed. No. 90411-083

Request For Second 2255                                              Page 14.


## VII. CERTIFICATE AND DECLARATION OF SERVICE

I, Benjamin A. Faulkner, In Re Pro-Se, Federal Prisoner, hereby state that the above and foregoing was placed in the United States Postal Service, postace pre-paid, this [ 9 ] date of [ March ], 2022. By placing the article to be mailed in the hands of a Federal Prison Employee, who delivered the article to be screened and who conducted security features to the envelope, including but not limited to X-ray and inmate verification, then placed the article in the hands of a U.S. Postal Carrier, who delivered the article to the following address, Pursuant to the Prison Mailbox Rule, of Houston v. Lack, 487 U.S. 266 (1988). A copy was generated to the following:

  The United States Attorney's Office for the Eastern District of Virginia


Respectfully Submitted;
Benjamin A. Faulkner
Fed. No. 90411-083
USP Terre Haute
P.O. Box 33
Terre Haute, IN  47808-0033